IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                              ORDER

     v.                                          01-CR-115-bbc-01

TRAVIS SCHEEL,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Travis Scheel's supervised release was held on March 5, 2009, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Rita M. Rumbelow. Defendant was present in person and by counsel, Michael W. Lieberman. Also present was United States Probation Officer Traci L. Jacobs.

From the record I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on April 5, 2002, following his conviction for conspiracy to distribute and possess with intent to distribute cocaine, a Schedule II controlled substance in violation of 21 U.S.C. § 841(a)(1) and

18 U.S.C. § 2. This offense is a Class B felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 78 months, with a 60-month term of supervised release to follow.

Defendant began his term of supervised release on January 22, 2007.

I find that defendant violated the special condition of his supervised release placing him in a residential re-entry center for up to 120 days. On January 25, 2009, defendant began his residential re-entry center placement at the Fahrman Center in Eau Claire, Wisconsin. On February 19, 2009, he left the center for an approved work search. Upon his return, he submitted to at least three breath alcohol tests, all of which registered positive for alcohol. On February 20, 2009, he received an unsuccessful discharge from the center.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that upon a finding of a Grade C violation the court may revoke supervised release, extend the term of supervised release or modify the conditions of supervision.

## CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the 60-month term of supervised release imposed on defendant on April 5, 2002, will be revoked.

With a Grade C violation and a criminal history category of III, defendant has an

advisory guideline range of imprisonment of 5 to 11 months. The statutory maximum to which defendant can be sentenced upon revocation is 36 months, pursuant to 18 U.S.C. § 3583(e)(3), because the instant offense is a Class B felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence in the middle of the advisory guideline range. The intent of this sentence is to deter defendant from future criminal acts and protect the community. This sentence will also provide a drug-free, structured setting in which defendant will have an opportunity to maintain sobriety.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on April 5, 2002, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 8 months with an 18-month term of supervised release to follow. All conditions of supervised release previously imposed will remain in effect, including Special Condition No. 9 requiring his placement at a federally-approved residential re-entry center for a period of up to 120 days at a facility to be determined by the Bureau of Prisons. Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

Defendant does not have the financial means or earning capacity to pay the cost of

incarceration.

      Entered this 5th day of March, 2009.

                              BY THE COURT:
                              /s/
                              Barbara B. Crabb
                              District Judge