IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                       Plaintiff,                             ORDER

       v.                                  01-CR-115-bbc-01

TRAVIS SCHEEL,

                       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Travis Scheel's supervised release was held on June 22, 2010, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Rita M. Rumbelow. Defendant was present in person and by counsel, Associate Federal Defender Erica Bierma. Also present was Senior United States Probation Officer Michael D. Harper.

From the record I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on April 5, 2002, following his conviction for conspiracy to distribute and possess with intent to distribute cocaine, a Schedule II controlled substance in violation of 21 U.S.C. § 841(a)(1) and 18

U.S.C. § 2.  This offense is a Class B felony.  Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 78 months, with a 60-month term of supervised release to follow.

Defendant began his first term of supervised release on January 22, 2007.  On March 5, 2009, I revoked his first term of supervised release after he was discharged unsuccessfully from his residential reentry placement because of his use of alcohol and sentenced him to eight months' imprisonment followed by 18 months' supervised release.

Defendant began his second term of supervised release on October 22, 2009.  On March 11, 2010, after defendant admitted consuming alcohol on a daily basis, I ordered that he be placed in a residential reentry center for 60 days.  Defendant completed this placement on April 26, 2010, with a marginal adjustment.

On May 13 and June 9, 2010, defendant violated Special Condition No. 4 requiring him to abstain from the use of alcoholic beverages and Standard Condition No. 7 requiring him to refrain from excessive use of alcohol.  On May 13, 2010, defendant was taken to the hospital where a breath test revealed a blood alcohol content of .139.  On June 10, 2010, after returning home from another trip to the hospital, he admitted that he had consumed alcohol on June 9, 2010.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court may (A) revoke supervised

release; or (B) extend the term of supervised release or modify the conditions of supervision, upon a finding of a Grade C violation.

CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the 18-month term of supervised release imposed on defendant on March 5, 2009, will be revoked.

Defendant's criminal history category is III.  With a Grade  C violation, defendant has an advisory guideline term of imprisonment of 5 to 11 months.  The statutory maximum to which he can be sentenced upon revocation is 28 months because he has one previous eight-month custodial revocation sentence, and because 18 U.S.C. § 3583(e)(3), provides that a person whose term of supervised release is revoked may not be required to serve more than three years if the offense for which a defendant was sentenced previously was a Class B felony.

After  reviewing the non-binding policy statements of chapter 7 of the Sentencing Guidelines, I have selected a sentence at the top of the guideline range to hold defendant accountable for his violations, protect the public and protect defendant from himself.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on

3

March 5, 2009, is REVOKED and defendant is committed to the custody of the Bureau of

Prisons for a term of 11 months.  No term of supervised release shall follow.

Defendant does not have the financial means or earning capacity to pay the cost of

his incarceration.

Entered this 22d day of June, 2010.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge

4